UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

WILLIAM THORLTON,                                Case No.:

Plaintiff,

v.                                               COMPLAINT

TEQUESTA COUNTRY CLUB,

Defendant.

_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, WILLIAM THORLTON, (herein after referred to as "Plaintiff") by and through the undersigned counsel, sues Defendant TEQUESTA COUNTRY CLUB (herein after referred to as "Defendant"), and alleges as follows:

## NATURE OF ACTION

1. This action is brought under Title I and Title II of the Americans with Disabilities Act as Amended, 42 U.S.C.§12101 et seq. ("ADA"), the Florida Civil Rights Act 1992, §760.10 et seq. ('FCRA") and Section 440.205 of the Florida Statues to redress Defendant's unlawful employment practices, including disability discrimination, worker's compensation retaliation due to Defendant's unlawful termination of Plaintiff.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331, 1337, 1343 & 1345.

3. Plaintiff seeks damages pursuant to section 440.205, Florida Statutes.

4. This Court has jurisdiction because, at all times material to this Complaint, Plaintiff worked for Defendant in Palm Beach County, Florida.

5. Venue is proper in Palm Beach County, Florida, under section 47.011, Florida Statutes.

6. Plaintiff has performed all conditions precedent necessary to the maintenance of this action, including the timely filing of a disability discrimination charge with the United States Equal Employment Opportunity Commission ("EEOC"), pursuant to 42 U.S.C. §2000e-5; Plaintiff filed his EEOC complaint on July 7, 2019, more than 180 days have lapsed since the filing of said complaint; and the timely filing of this action.

## PARTIES

7. At all times material hereto, Plaintiff was a resident of Palm Beach County, Florida.

8. At all times material hereto, Plaintiff is an individual who was employed by Defendant.

9. At all times material hereto, Defendant was, and continues to be, a Florida for Profit Corporation duly existent under the laws and virtues of the State of Florida, county of Palm Beach.

10. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of Chapter 440, Florida Statutes.

11. At all times material hereto, Defendant was the "employer" of Plaintiff within the meaning of Chapter 440, Florida Statutes.

## STATEMENT OF FACTS

12. On or around June 2017, Plaintiff began working for Defendant as a Grounds and Maintenance Technician.

13. At all times material, Defendant was paying Plaintiff $12.25 hourly, in addition to health insurance benefits and paid time off (PTO).

14. Plaintiff worked in the capacity of Grounds and Maintenance Technician for Defendant for approximately two years.

15. At all times material, Plaintiff was considered a good employee and fulfilled all obligations.

16. On or around June 2019, Plaintiff reported to Defendants that he was experiencing severe lower back pain.

17. Plaintiff further stated to Defendant that he was experiencing lower back pain due to the continuous and repetitive riding of the lawn mower.

18. Plaintiff's supervisor, George Farmer, informed Plaintiff that he had failed to report the injury in time and was not entitled to receive worker's compensation.

19. At all times material, Defendant's employee George Farmer intentionally and maliciously failed to file a proper incident report on behalf of Plaintiff.

20. At all times material, Defendant's George Farmer also failed to report Plaintiff's injuries to Defendant's worker's compensation insurance, Zenith Insurance Company.

21. Plaintiff continued experiencing pain, such that he was forced to use his accrued PTO hours in order to rest.

22. Defendant did not inform Plaintiff of his rights to file a workers' compensation claim.

23. On or around July 16, 2019, Defendant terminated Plaintiff.

24. Defendant did not engage in any interactive process with regard to accommodating Plaintiff after being injured while performing his job.

25. At all times relevant Defendant perceived Plaintiff as having a disability as described under the ADA.

26. Defendant ignored all requests for medical attention and additional assistance.

27. Plaintiff has been damaged as a direct and proximate result of Defendant's illegal termination.

## COUNT I: DISABILITY DISCRIMINATION
## IN VIOLATION OF THE ADA

28. Plaintiff re-alleges and incorporates the factual allegations contained in paragraphs 1 through 27 of the Complaint, as though fully set forth herein.

29. At all times relevant tot his action, Plaintiff was a qualified individual with a disability within the meaning of the ADA in that Plaintiff was capable of performing all essential functions of the position he held, including driving a mow truck, with or without a reasonable accommodation.

30. Plaintiff was perceived by Defendant as being actually disabled and/or substantially limited in one or more major life activities in that Plaintiff began to complain about his lower back and was unable to work for a few consecutive days.

31. Defendant was prohibited under the ADA from discriminating against Plaintiff because of his disability with regard to providing him reasonable accommodations and/or not treating

        Plaintiff adversely because of his disability with regard to other terms, conditions, and privileges of employment.

32. Defendant violated the ADA by, among other things, treating Plaintiff in a disparate manner, failing to accommodate his disability, failing to provide him his benefits and proper medical care, terminating his employment and by otherwise discriminating against him.

33. Plaintiff has been damaged as a direct and proximate result of Defendant's illegal conduct.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendant and relief in the form of: economic damages, including lost wages, benefits, and other remuneration; front and back pay; any other compensatory damages allowable under law; attorney's fees to the extent permitted by law and costs, emotional distress damages, and any other relief the court deems appropriate.

## COUNT II: RETALIATION BASED UPON DISABILITY IN VIOLATION OF THE ADA

34. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 33 as fully set forth herein at length.

35. Plaintiff was in a protected group (disabled) at all times material in this action.

36. Defendant failed to accommodate Plaintiff's request for a reasonable accommodation after Plaintiff informed George Farmer of his lower back injury.

37. Defendant was aware of the Plaintiff's, namely severe lower back pain, and knew the Plaintiff was unable to perform his job as required.

38. As described above Plaintiff engaged in a protected activity by requesting a reasonable accommodation of no longer riding the lawn mower and additional file a workers compensation case to obtain the proper medical care.

39. Defendant failed to accommodate which constitutes as retaliation because of Plaintiff's disability.

40. Defendant retaliated against Plaintiff for having requested a reasonable accommodation and requesting medical care under the employer's worker's compensation policy.

41. Defendant violated the ADA by retaliating against Plaintiff for requesting a reasonable accommodation by terminating his employment.

## COUNT III: VIOLATION OF WORKERS' COMPENSATION RETALIATION STATUTE SECTION 440.205, FLORIDA STATUTES

42. Plaintiff re-alleges and incorporates the factual allegations contained in paragraphs 1 through 34 of the Complaint as though fully set forth herein.

43. Defendant did not inform Plaintiff of his rights to file a workers' compensation claim.

44. Plaintiff expressed a valid claim to Defendant and was precluded from filing a proper claim for worker's compensation benefits.

45. Plaintiff engaged in protected activity by notifying Defendant of his injury.

46. Plaintiff was retaliated against within a short temporal proximity of informing Mr. Farmer of his injury.

47. Fla. Stat. § 440.205 states: No employer shall discharge, threaten to discharge, intimidate, or coerce any employee by reason of such employee's valid claim for compensation or

attempt to claim compensation under the Workers' Compensation Law. (Fla. Stat. § 440.205 2003).

48. Defendant was liable for Plaintiff's work-related injuries and other losses to include but not limited to a loss of salary.

49. As a result of Defendant' failure to provide medical attention through workers' compensation and the intolerable pain he was enduring, Plaintiff was given no other alternative but to use his accrued paid time off to try and seek medical care on his own and recover from his injuries.

50. Defendant' actions were willful, wanton, and outrageous and without regard for Plaintiff's rights.

51. As a result of Defendant' actions, Plaintiff has suffered economic and emotional damages.

WHEREFORE, Plaintiff respectfully requests that a judgment be entered in his favor against Defendant and grant relief in the form of back pay in the form of lost wages, including lost benefits, plus interest which resulted from the unlawful retaliation; Pecuniary and non-pecuniary compensatory damages for pain, suffering, mental anguish caused by Defendant's retaliatory actions; Punitive damages; Costs of this action, together with reasonable attorneys' fees; Post-judgment interest; and such other and further relief as this Court deems just, equitable, and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

Dated this 14th day of May 2020.

                                        Respectfully submitted,

                                        By: /s/ *Christine M. Tomasello*

                                        Christine M. Tomasello, Esq.

                                        Florida Bar No. 0022913

                                        **GORDON & PARTNERS, P.A.**

                                        4114 Northlake Boulevard

                                        Palm Beach Gardens, FL  33410

                                        Telephone: (561) 799-5070

                                        Facsimile: (561) 799-4050

                                        E-mail: ctomasello@fortheinjured.com

                                        Attorneys for Plaintiff